[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR MODIFICATION OF SUPPORT (DOCKET ENTRY NO. 212)
A judgment of dissolution of the parties' marriage was entered on July 7, 1988. At that time the defendant's gross annual income was $54,600.00 and his annual net income was $38,884.00. The plaintiff's gross income was $45.00 per week and a net income of $41.62 per week. That order was entered five years ago. Since then, the children have grown five years older and their expenses have increased not only because their physical size has increased so that they eat more and need more clothing, but also the cost of that food and clothing has also increased.
The plaintiff's income has increased. She now earns a gross pay of $300.00 per week for a 30 hour work week and social security benefits for the children of $270.00 per week for a gross cash flow of $570.00 per week. Her net pay is $250.00 per week which, when added to the social security she receives, amounts to a net cash flow of $520.00 per week.
On October 1, 1992, the defendant's territory was changed from Fairfield County to New Haven County. He still has the same position he had at the time of the judgment of dissolution, that is, as a salesman for A-Copy. Upon the change of his territory, his pay and commissions were seriously cut back so that he now receives a gross weekly wage of $965.00 and a net wage of $569.00.
The defendant's motion for modification is filed with the court pursuant to 46b-86(a). The court finds that there CT Page 7565 has been a substantial change in the financial circumstances of the parties. At the time of the original decree the court ordered support of $375.00 per week. Having considered the factors of 46b-84(b) of the General Statutes and 46b-215b of the General Statutes and the Family Support Guidelines, the court orders that support for the three minor children shall be reduced to an amount of $90.00 per week per child for a total effective order of $270.00 per week.
The court previously had ordered that modification shall be retroactive to February 12, 1993. Since that date and to July 21, the defendant has paid $4,930.00 (see plaintiff's exhibit D). The amount that should have been paid for said period is $6,480.00. There is an arrearage, therefore, of $1,550.00. The defendant shall pay that arrearage at the rate of $50.00 per week until said arrearage is fully paid.
The defendant has presented much evidence in an effort to persuade the court that there should be a deviation from the Family Support Guidelines. He has subpoenaed every bank that he could think of in the State of Connecticut to discover plaintiff's bank accounts. He has subpoenaed the bank accounts of the plaintiff's parents and the accounts of the plaintiff's male companion. He has attempted to demonstrate that the plaintiff's male companion has contributed to the household expenses. He has subpoenaed and introduced in evidence the plaintiff's phone bills to demonstrate that they are excessive, attacked the plaintiff's figures for medical expenses, and gone to great lengths to demonstrate that she did not need to purchase a new car.
None of this evidence has caused the court to deviate from the Family Support Guidelines. The plaintiff's male companion is not residing in her household nor is he contributing to the expenses of the household. The financial circumstances of both parties are poor. Both parties have substantial liabilities and are coping with their finances in the best possible way. Certainly this court is not going to advise the parties on how they should spend their money. Suffice to say that the court cannot find that it would be inequitable or inappropriate to apply the Family Support Guidelines. It may further be noted that in determining support, it is the age, health, station, occupation, earning capacity, amount and sources of income, estate, vocational skills and employability of each of the parents that is material CT Page 7566 and relevant (see 46b-84(b) of the General Statutes). The needs of each of the parties as provided by 46b-81 and 46b-82
of the General Statutes is not a consideration, but rather, the needs of the child[ren]. Thus, the expenses of the parties, except as they relate to the expenses of the children, are not material or relevant.
The defendant has attacked the employability of the plaintiff. The plaintiff is suffering from Crohn's disease. There have been a few times when this court needed to declare recesses at her request and there have been times when court proceedings needed to be postponed because of her ill health. The court finds that she is employed to the limit of her physical ability and her vocational skills.
For the year 1993 the defendant's gross income will reflect payments of $8,954.00 that were guarantees from his former district (see defendant's exhibit 22). This amount is not properly reflective of his 1993 income and should be excluded in arriving at a proper net figure for computation of support. The court orders that the defendant supply the plaintiff with a copy of his W-2 form for 1993 and each year thereafter when it is received and copies of his pay stub at the end of each quarter of the year, the same to be mailed to the plaintiff immediately upon receipt by the defendant. The obligation to supply such copies shall terminate at such time as the defendant is no longer obligated to pay support.
Orders shall enter in accordance with the foregoing.
EDGAR W. BASSICK, III, JUDGE